# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**RUSSELL D. DAVIS**
    Plaintiff,

**Judge:**

v.

**Case no:**

**ZAKHEIM & ASSOCIATES, P.A.,**
    Defendant,

_____/

## ORIGINAL COMPLAINT

Comes now, the plaintiff, Russell D. Davis, (hereinafter referred to as "**Plaintiff**"), on behalf of himself and by and through undersigned counsel, and alleges individual violations of the Fair Debt Collection Practices Act ("FDCPA") against the defendant, Zakheim & Associates, P.A. (hereinafter referred to as "**Zakheim**"), and in support thereof would state the following:

### JURISDICTION AND VENUE

1. This is an action for damages brought by an individual consumer against the named defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., (hereinafter referred to as the "**FDCPA**").

2. Jurisdiction of this Court arises under 15 U.S.C. §1681p and 15 U.S.C. §1692k(d). Supplemental jurisdiction rests upon 28 U.S.C. §1367.

3. The Defendant **Zakheim** is a business entity that regularly conduct business in the State of Florida and therefore is a citizen of the State of Florida.

4. The defendant **Zakheim** is "debt collector" as defined by 15 U.S.C. §1692a(6).

### VENUE

1

5.  The venue in the United States District Court for the Southern District of Florida is proper and based upon the following:

    a. The violations of the FDCPA alleged below occurred and/or were committed in Miami-Dade County, State of Florida, within the Southern District of Florida;

    b. At all times material hereto, the defendant, was and continues to be a corporation engaged in business activities in Miami-Dade County, Florida and as such is a citizen of the State of Florida.

6.  The Plaintiff, is an individual residing in Broward County, Florida and is a "consumer" as that term is defined by 15 U.S.C. §1692 et seq.

## **FACTS COMMON TO ALL COUNTS**

7.  Plaintiff is an "individual consumer" as defined by the **FDCPA** and is alleged to have incurred a financial obligation for primarily personal, family or household purposes, or more specifically an alleged debt with Citibank.

8.  On or around August 28, 2010, Defendant **Zakheim** served the Plaintiff with a complaint alleging damages of $12,256.62 for an account #4428135847950599. See Exhibit A.

9.  However, Defendant attached to the complaint alleged proof of the debt credit card statements from Discover bank with an account number ending in 1014. See Exhibit B.

10. On its face the Defendant clearly was filing suit on the wrong alleged debt.

11. Additionally, the Defendant had already filed suit against the Plaintiff on October 24, 2008 for the Discover Card account listed above. That case is still in litigation. See Exhibit C.

2

12. That the Defendant therefore had clear knowledge the suit filed on behalf of Citibank was not valid.

13. Plaintiff has been damaged as a direct and proximate cause of all of the Defendant's actions.

## COUNT ONE

**VIOLATION OF THE FDCPA – 15 U.S.C. §1692 et seq. by Defendant Zakheim**

14. Plaintiff re-alleges and incorporates paragraphs 1 through 13 above as if fully stated herein.

15. Upon information and belief the foregoing acts and omissions of Defendant **Zakheim,** as further described within this Complaint, constitute violations of certain provisions of the FDCPA, and as such, each and every provision of 15 U.S.C. §1692 et seq., are at issue.

16. Upon information and belief, Defendant **Zakheim** has specifically violated 15 U.S.C. §1692d by harassing the Plaintiff and attempting to collect a debt they had actual knowledge was not valid.

17. Upon information and belief, Defendant **Zakheim** has specifically violated 15 U.S.C. §1692e(2)(A) and e(10) by falsely representing the character of a debt when attempting to collect a debt they had actual knowledge was not valid.

18. Upon information and belief, Defendant **Zakheim** has specifically violated 15 U.S.C. §1692c(a)2 by communicating with the Plaintiff about a debt for which they knew he was represented by an attorney.

19. Upon information and belief, Defendant **Zakheim** has specifically violated 15 U.S.C. §1692f(1) by attempting to collect an amount not authorized by agreement or by law when they had actual knowledge the debt was not valid.

20. As a result of this violation of the FDCPA by Defendant **Zakheim**, the Plaintiff has suffered out of pocket expenses as well as other actual damages and is therefore entitled to an award of damages pursuant to 15 U.S.C. §1692k(a)(1-3) from Defendant **Zakheim**.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that a judgment be entered against Defendant **Zakheim** for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages pursuant to 15 U.S.C. §1692k(a)(2); the costs associated with litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and such other relief the Court deems just, equitable and proper.

Dated this _____ day of September, 2010.

Respectfully Submitted by,

**The Fair Credit Law Group, LLC.**
**5371 NW 33rd Avenue**
**Suite 205**
**Ft. Lauderdale, FL 33309**
**Tel: 954-334-9100**
**Fax: 954-986-4777**

_____
**Filed by:**
**Paul A. Herman, Esq.**
**FL Bar #0405175**
**Joel A. Brown**
**FL Bar #0066575**
**Attorneys for Plaintiff**